IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KISHEN WOODS, SR.,

                       **Petitioner,**

        **v.**                           **CASE NO. 17-3228-SAC**

SAM CLINE,

                       **Respondent.**


**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se.

The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, for the reasons that follow, directs petitioner to show cause why this matter should not be dismissed as time-barred.

Petitioner's direct appeal was decided by the Kansas Supreme Court on May 1, 2015. *State v. Woods*, 348 P.3d 583 (Kan. 2015). A federal habeas corpus petition normally is subject to a one-year limitation period. *See* 28 U.S.C. § 2244(d). The limitation period runs from the time the conviction becomes final. Therefore, the limitation period began to run ninety days after May 1, 2015, on July 30, 2015, when the time for seeking review in the United States Supreme Court expired. The limitation period expired one year later.

The limitation period is tolled while "a properly filed application for State post-conviction" relief is "pending'. 28 U.S.C. § 2244(d)(2). However, it does not appear that petitioner filed a state post-conviction action.

Likewise, the one-year limitation period is subject to equitable tolling. Such tolling, however, is available only when the petitioner diligently pursues relief and shows that the failure to timely file was due to extraordinary circumstances beyond his control. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The present record does not suggest any basis for statutory or equitable tolling in the period following petitioner's direct appeal. Because petitioner did not commence this action within the limitation period, he must show cause why this matter should not be dismissed due to his failure to present this matter in a timely manner and what, if any, grounds for statutory or equitable tolling exist. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **February 1, 2018**, to show cause why this matter should not be dismissed due to his failure to file this action within the one-year limitation period.

**IT IS SO ORDERED.**

DATED:  This 5th day of January, 2018, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge